# United States District Court

---------- DISTRICT OF SOUTH DAKOTA ----------

NORTHERN DIVISION

FILED
MAY 17 2005
[signature] CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TYRONE YELLOW EARRINGS,

    Defendant.

**RECOMMENDED FINDINGS ON REVOCATION OF SUPERVISED RELEASE**

CASE NUMBER: CR. 94-10012-001

This matter came before the court for hearing upon the Petition to Revoke Supervised Release (Doc. 50) on Tuesday, May 17, 2005. The defendant appeared in person and by his counsel, Assistant Federal Public Defender Tim Langley, while the United States of America appeared by Assistant United States Attorney, Mike Ridgway. Based upon the evidence adduced at the hearing, I hereby make the following recommended findings of fact and conclusions of law.

## Findings of Fact

Defendant is on supervised release pursuant to General, Standard and Special Conditions of Supervised Release as contained in the Judgment in a Criminal Case filed on December 14, 1994 (Doc. 31) and as modified by Order filed on April 24, 2003 (Doc. 49).

**Allegation Number 1:**

Allegation numbered 1 was dismissed on motion of the government based on Defendant's admissions to allegation numbered 2 and in the interest of justice.

**Allegation Number 2:**

Special Condition No. 8 of defendant's Conditions of Supervised Release required that "the defendant shall, upon need and at the discretion of the probation officer, reside and participate in a program of a community corrections facility."

Defendant admitted allegation number 2.

- 2 -

On or about May 12, 2005, at Sioux Falls, South Dakota, the defendant failed to reside and participate in the program of the community corrections facility, Glory House, and was terminated for cause due to his failure to comply with the Glory House Resident/Rules Agreement and guidelines in violation of Special Condition No. 8 of the Conditions of Supervised Release."

## Conclusions of Law

1. Failure to abide by the terms and conditions of supervised release provides a reasonable basis upon which to revoke supervised release.

2. Based upon the factual basis provided by the United States, the United States has proven by a preponderance of the evidence that the defendant has not met the conditions of his supervised release. See *United States v. Cotroneo*, 89 F.3d 510, 512 n.4 (8th Cir.), *cert. denied* 117 S.Ct. 533 (1996) and 18 U.S.C. § 3583(e)(3).

3. After conversing with the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed admission, that the defendant is aware of the nature of the charges and the consequences of the admission, and that the admission is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. It is, therefore, my report and recommendation that defendant's supervised release be revoked.

4. The United States Probation Office is hereby directed to prepare and submit to the United States District Court a supplemental pre-sentence investigation within twenty-one (21) days of the date of this report.

## Notice to Parties

Any objections to these findings and conclusions must be served and filed within ten days of the date of service of this notice upon you. 28 U.S.C. §636(b)(1). If no objections are filed, the district court may adopt, reject, or modify these findings and conclusions. Moreover, the court may impose an appropriate sentence based upon these findings and conclusions following a hearing.

Dated this 17th day of May, 2005.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _Shelly Margulies_ Deputy
(SEAL)